## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD RAYNELL SALTER, | : | CIVIL ACTION NO. 3:CV-15-1883 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN R. GLUNT, et al., | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Edward Raynell Salter, an inmate confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Salter challenges a decision by the Pennsylvania Board of Probation and Parole ("the Board") to recalculate his parole maximum date. The petition is ripe for disposition. For the reasons that follow, the petition will be dismissed.

## Background

On December 18, 2002, Petitioner was sentenced in the Berks County Court of Common Pleas to five (5) to ten (10) years incarceration on five (5) counts of Robbery and five (5) counts of Criminal Conspiracy. (Doc. 6-1 at 2, Sentence Status Summary).

On May 16, 2007, the Board recorded a decision that granted Petitioner parole. (Doc. 6-1 at 7, Notice of Board Decision).

On July 23, 2007, Petitioner was released on parole from the December 18, 2002 sentences, at which point his controlling maximum sentence date was July 22, 2012. (Id. at 12, Order to Release on Parole/Reparole).

On May 13, 2010, Petitioner was sentenced in the Lancaster County Court of Common Pleas on three (3) counts of Robbery and three (3) counts of Criminal Conspiracy. (Id. at 14, Sentence Status Summary).

As a result of his new Lancaster County Convictions, on July 30, 2010, the Board recorded a decision that recommitted Petitioner as a convicted parole violator to serve the unexpired term of his December 18, 2002 sentences. (Id. at 22, Notice of Board Decision). The July 30, 2010 decision was mailed to Petitioner on July 30, 2010, and notified Salter of his right to appeal the decision within thirty (30) days. (Id). No appeal from this decision or petition for administrative review of this decision was filed.

On January 25, 2011, Petitioner was sentenced in the Berks County Court of Common Pleas on two (2) counts of Robbery, two (2) counts of Criminal Conspiracy, and one (1) count of Theft of Leased Property. (Id. at 14, Sentence

2

Status Summary).

As a result of the new Berks County convictions, on April 7, 2011, the Board recorded a decision that recommitted Petitioner as a convicted parole violator to serve the unexpired term of his December 18, 2002 sentences. (Id. At 24, Notice of Board Decision). Petitioner's parole violation maximum date on his December 18, 2002 sentences was calculated as October 27, 2015. (Id.). The April 7, 2011 decision was mailed to Petitioner on April 14, 2011 and notified Salter of his right to appeal the decision within thirty (30) days. (Id.). Petitioner did not seek further relief from the decision recorded April 7, 2011.

On February 10, 2015, Petitioner filed a "Petition for review in the Nature of Mandamus," in which he alleged that the Board did not respond to a petition for administrative review that he claims he filed on April 11, 2011. (Id. at 30, Petition for Review in the Nature of Mandamus).

On February 23, 2015, the Commonwealth Court dismissed the petition, concluding that it could not be used to revive lapsed appeal rights. (Id. at 54, Order). Petitioner then attempted to appeal the Commonwealth Court Order of dismissal to the Supreme Court of Pennsylvania, but failed to perfect his appeal. (Id. at 62, Failure to Perfect - Case Closed).

3

On September 29, 2015, Petitioner filed the instant petition for writ of habeas corpus in which he challenges the recalculation of his maximum sentence date by the Pennsylvania Board of Probation and Parole. (Doc. 1, petition).

## Discussion

Respondent seeks dismissal of the petition based on Salter's failure to seek final administrative review and exhaust his state court remedies. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review his allegations of constitutional error before seeking relief in the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board within thirty days of the mailing date of the Board's decision. See 37 Pa.Code §

4

73.1(a).  Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court.  See 42 Pa.C.S.A. § 763(a).  Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement.  Pagan v. Pennsylvania Bd. of Prob. and Parole, 2009 WL 210488 *3 (E.D.Pa. January 22, 2009); see also Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 2991166 (E.D.Pa. July 28, 2010).  If the petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. See Williams v. Wynder, 232 Fed. App'x. 177, 181 (3d Cir.2007).

The record reveals that Petitioner failed to seek administrative review with the Parole Board within thirty days of the mailing date of the Board's decisions recalculating his maximum date.  Although the Board's July 30, 2010 and April 7, 2011 decisions notified Salter of this right to appeal within thirty days, the record is devoid of any request for administrative relief with the Board, or appeal to any state court, filed on behalf of Salter.  Consequently, Salter's failure to submit a request for administrative relief denied the Board the opportunity to address this claim and, as such, his claim was not "fairly presented" at the state level.  Because

Salter denied the Board the opportunity to address his recalculation claim, he waived his right to judicial review of the recalculation decision under Pennsylvania law. See 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a); McCaskill v. Pennsylvania Board of Probation and Parole, 158 Pa. Commw. Ct. 450, 631 A.2d 1092 (1993); Newsome v. Pennsylvania Board of Probation and Parole, 123 Pa. Commw. Ct. 413, 553 A.2d 1050 (1989).

Moreover, Petitioner's claim in the instant petition is now time-barred under state law as the time for filing a petition for review with the Commonwealth Court has expired. See Pa.R.A.P. 903(a)(notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). As such, Petitioner is in procedural default for failure to comply with the state filing requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D.Pa. June 7, 2010) (internal quotations omitted). To demonstrate cause for a procedural default, the petitioner must show that some

6

objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001).

The Petitioner, however, has not alleged cause or prejudice. Nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Accordingly, his challenge to the decision of the Pennsylvania Board of Probation and Parole must be rejected on the ground that Salter failed to pursue those issues administrative with the agency, or in the state courts, and has not established appropriate grounds for this Court to consider his claims in the first instance. Consequently, the petition for writ of habeas corpus will be dismissed for failure to seek final administrative review and exhaust state court remedies.    An appropriate order will follow.


Dated: January 11, 2016                      /s/William J. Nealon
                                             **United States District Judge**